UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AUDREY ALOZIE EL                              CIVIL ACTION NO. 17-cv-1339

VERSUS                                        JUDGE HICKS

CITY OF SHREVEPORT, ET AL                     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Audrey Alozie El and the Moorish Science Temple of America ("Plaintiffs") filed this civil action against the City of Shreveport, State of Louisiana, Louisiana Office of Risk Management, and the Louisiana Department of Transportation and Development. Alozie El alleges that she is the Grand Sheikess of the MSTA, and as such, is entitled to some form of immunity from proceedings against her in the Shreveport City Court, which proceedings appear to be related to traffic violations. Plaintiffs demand $7,000,000 damages and a permanent injunction against arrest, search and seizure, and interference in the operation of their activities. For the reasons that follow, it is recommended that the complaint be dismissed.

**Authority to Review Complaint**

Plaintiffs are proceeding in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted.

A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

The court may exercise its authority to dismiss an action on its own motion for failure to state a claim as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiffs with sufficient notice of and opportunity to respond to the possible dismissal of their complaint. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in report and recommendation satisfied due process).

**Younger Abstention**

To the extent Plaintiffs request the court to enjoin a city or state court criminal proceeding, the request should be denied based on the abstention doctrine of Younger v. Harris, 91 S.Ct. 746 (1971). It provides that federal courts must refrain from considering requests for injunctive relief based on constitutional challenges to state court criminal proceedings pending at the time the federal action is instituted. See Texas Association of Business v. Earle, 388 F.3d 515, 518-19 (5th Cir. 2004).

**Failure to State a Claim**

The "Moorish National" arguments that underlie the petition are meritless. Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that

they have special status stemming from their association with a "Moorish" group that somehow exempts them from prosecution for crimes or liability for debts. One court has described this as a "uniformly discredited and utterly baseless notion." Hall -El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012).

The plaintiffs in such cases sometimes claim to belong to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, and baseless. El v. Louisiana, 2017 WL 1969552 (E.D. La. 2017); Walton-El ex rel. Wilson v. Marcotte, 2012 WL 2871161 (W.D. La. 2012); U.S. v. Stokes, 2013 WL 2387763, *3 (M.D. Ohio 2013); and El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases). The complaint in this case should also be dismissed.

**Sanctions Warning**

Alozie El is proceeding in forma pauperis in this case. She appears to be the same person who was allowed to file as a pauper in Alozie v. Christus Schumpert, 10-cv-1184 (W.D. La.), a case that was dismissed on unopposed summary judgment. Alozie El must cease filing frivolous suits and abusing the privilege of filing as a pauper. The judges and staff of the court and clerk's office have to spend numerous hours processing and resolving meritless filings. Allowing Alozie El to add to that burden and continue to consume the resources of the court and the community with frivolous filings delays justice for other citizens who have legitimate business before the court. If Alozie El continues to make such

filings, the court will consider the imposition of sanctions, including monetary sanctions, limitations on the ability to file as a pauper, and a requirement of judicial pre-approval for future filings. See Gardner v. Shreve Memorial Library, 2014 WL 1315077, *2 (W.D. La. 2014).

Accordingly,

**IT IS RECOMMENDED** that the Plaintiffs' complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of October, 2017.

                                                        Mark L. Hornsby  
                                                        U.S. Magistrate Judge